**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT COURT OF KENTUCKY**
**PADUCAH DIVISION**

**ROBERT KIMMONS**                                                                **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:22-CV-34-TBR**

**FULTON COUNTY DETENTION CENTER et al.**                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Kimmons, a prisoner, initiated this *pro se* 42 U.S.C. § 1983 action.  This

matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007).  For the following reasons, some of Plaintiff's claims will be dismissed,

some will be allowed to proceed, and Plaintiff will be afforded an opportunity to amend his

complaint.

### I. STATEMENT OF CLAIMS

Plaintiff, a convicted inmate currently housed at Luther Luckett Correctional Complex

(LLCC), names as Defendants the Fulton County Detention Center (FCDC) and the following

FCDC employees:  Jailer Steve Williams, "Medical Staff Cynthia ?,"and "All Personnel

Involved."  He alleges that while housed at FCDC in March 2021 he contracted a sinus infection,

which caused him among other things to have blurry vision and that, after 14 days, Defendant

Williams "finally told staff to take me to the Doctor."  The doctor referred him to the Clarkson

Eye Care Center, which prescribed eye drops for his blurry vision, telling him that he needed the

drops because the eye infection caused his cataracts and glaucoma "to set in more severely."  He

states that the eye-care specialist told him that if he did not use the eye drops he could lose his

eyesight.  However, he alleges, when he returned to FCDC "the medical staff . . . took the eye

drops away from [him] and said [he] did not need them." Plaintiff states that he is now completely blind.

Since then, Plaintiff was transferred to LLCC, which took him to a doctor who made "two surgery appointments for the future." He states that the doctor told him that he may never see again because the FCDC "took [his] eye prescribed medication away from [him], allowing [him] to loose [his] sight." He alleges that FCDC staff "caused [his] blindness by taking [his] prescribed eye medication, and not getting [him] proper care before the sinus infection got into [his] eyes." He also states that the FCDC refused to help him file any papers or grievances to exhaust his remedies even though he could not see.

Plaintiff alleges that Defendant Williams "allowed me to suffer, denied me proper care and his staff are improperly trained to handle blind inmates[] or any medical situations." He further alleges, "The medical staff Ms. Cynthia ?, I don't know her last name, but she took the eye medication from me and this caused my eye to further get infected and finally complete loss of sight."

As relief he asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289

F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**A. Claim against FCDC**

FCDC is not a proper Defendant in this action.  It is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  Accordingly, the Court will dismiss Plaintiff's claims against FCDC.

**B. Individual-capacity claims**

*1. Defendant Williams*

Plaintiff alleges that Defendant Williams "allowed me to suffer [and] denied me proper care[.]"  But, in fact, according to the complaint, it was Defendant Williams who "finally told staff to take me to the Doctor."

Failure to provide medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment.  The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

Here, it cannot be said that Defendant Williams was deliberately indifferent to Plaintiff's need to see a doctor given that Plaintiff alleges that he was the one who told the staff to take him to the doctor.  Therefore, the individual-capacity claim against Defendant Williams will be dismissed for failure to state a claim upon which relief may be granted.

*2. Defendant Cynthia*

Plaintiff alleges Defendant Cynthia " took the eye medication from me and this caused my eye to further get infected and finally complete loss of sight."  The Court finds that Plaintiff has stated an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Cynthia in her individual capacity for taking his eye medication from him.

*3. "All Personnel Involved"*

The complaint does not allege any facts to show what each member of the medical staff did or did not do that was deliberately indifferent to Plaintiff's serious medical need.  Plaintiff states that, except for Defendant Cynthia, he does not know the names of the medical personnel.

4

Their names are not necessary for initiating this case, but some description of each Defendant's

actions must be given.  The Court will allow him an opportunity to to file an amended complaint.

In the amended complaint, Plaintiff may name the personnel who he wishes to sue John or Jane

Doe, and number them if more than one, but he must describe what each employee did or did not

do that allegedly caused the constitutional violation.

## C. Official-capacity claims

Official-capacity claims against Defendants "'generally represent [ ] another way of

pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473

U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55

(1978)).  Therefore, Plaintiff's claims against Defendants in their official capacities are actually

claims against Fulton County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, like Fulton County, this Court must analyze

two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2)

if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker*

*Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a

constitutional deprivation unless there is a direct causal link between a municipal policy or

custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 694.

> There are at least four avenues a plaintiff may take to prove the existence of a
> municipality's illegal policy or custom. The plaintiff can look to (1) the
> municipality's legislative enactments or official agency policies; (2) actions taken
> by officials with final decision-making authority; (3) a policy of inadequate
> training or supervision; or (4) a custom of tolerance or acquiescence of federal
> rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *see also Alman v. Reed*, 703

F.3d 887, 903 (6th Cir. 2013) ("[T]he Supreme Court has held that a municipality can be liable

under § 1983 on a failure-to-train theory when the 'failure to train amounts to deliberate

indifference to the rights of persons with whom the police come into contact.'") (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).  "To prevail on such a claim, the plaintiff must prove the following three things: that the training program at issue is inadequate to the tasks that the officers must perform; that the inadequacy is the result of the [municipality's] deliberate indifference; and that the inadequacy is closely related to or actually caused the plaintiff's injury."  *Estates of Mills v. Knox Cty.*, No. 11-208-GFVT, 2014 WL 1047147, at \*7 (E.D. Ky. Mar. 14, 2014) (quotations omitted).

Here, Plaintiff that alleges that Defendant Williams's "staff are improperly trained to handle blind inmates[] or any medical situations."  The Court will allow Plaintiff's official-capacity failure-to-train claims go forward against Defendant Williams in his official capacity. Because he does not allege a custom or policy caused a constitutional deprivation as to any of the other Defendants, the official-capacity claims against them will be dismissed for failure to state a claim.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Fulton County Detention Center, his individual-capacity claims against Defendant Williams and "all personnel," and the official-capacity claims against Defendants Cynthia and "all personnel" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Fulton County Detention Center as a party to this action.

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint naming as

Defendant(s) any individuals he claims denied him medical treatment, suing each new Defendant in his/her individual capacity, and providing facts detailing how each new Defendant denied him medical treatment.  Plaintiff may label each new Defendant as John or Jane Doe and number them if necessary, if Plaintiff does not know his or her name.

The Clerk of Court is **DIRECTED** to write the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his completion should he wish to file an amended complaint.

Following expiration of the 30-day period, the Court will perform an initial review of the amended complaint, or if none is filed, will enter a separate Order Regarding Service and Scheduling Order to govern the continuing claims.

Date:   July 20, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants Williams and Cynthia
      Fulton County Attorney
4413.009

7